**Jerome W. ROBINSON, Appellant,**

v.

**FAIRFAX VILLAGE CONDOMINIUM VIII, Appellee.**

**No. 90–525.**

District of Columbia Court of Appeals.

Argued Nov. 12, 1991.
Decided Dec. 9, 1991.

---

Jerome W. Robinson, pro se.

Peg Shaw, Washington, D.C., for appellee.

Before ROGERS, Chief Judge,
FARRELL, Associate Judge, and REILLY,
Senior Judge.

PER CURIAM:

This is an appeal from a judgment on the pleadings, Super.Ct.Civ.R. 12(c), and subsequent denial of a motion to reconsider judgment, entered in favor of the appellee Condominium Association in the amount of $10,667.76. The sum represents an arrearage in condominium assessments owed by appellant, the owner of a unit in the condominium complex, together with interest on the arrearage, late fees, and—most pertinent to our discussion—attorney's fees calculated in the amount of 33% of the assessments in arrears.

We find no reason to disturb the judgment with respect to the arrearage, interest, and late fees.[1] Appellant raised no issue of a pattern or practice of the Condominium Association to forgo suits to collect past assessments in favor of informal arrangements, sufficient to create a triable issue of fact. *See Hill v. White*, 589 A.2d 918, 920, 923 (D.C.1991). We are, however, troubled by the portion of the judgment amount consisting of attorney's fees.

At oral argument counsel for appellee cited as the basis for the attorney's fee award D.C.Code § 45–1853 (1990 & Supp. 1991). That statute provides that assessments levied against a condominium unit shall constitute a lien in favor of the unit owners' association enforceable by a power of sale if assessments become past due. Subsection (c) provides that a unit owner may cure any default in assessments by tendering payment in full before the foreclosure sale, "plus any late charges and interest due and *reasonable attorney's fees* and costs incurred in connection with the enforcement of the lien for the assessment" D.C.Code § 45–1853(c)(2) (emphasis added). In the present case, there appears to be no record basis on which the trial court could have assayed the reasonableness of the fee request as required by the statute. The complaint originally filed asked the court to "award reasonable attorney's fees." Attached to the complaint was a *Statement of Account* which included attorney's fees amounting to $1,872.86, based upon a straight computation of 33% of the arrearage. In his answer appellant requested, *inter alia*, that the attorney's fees "be deleted." Appellee was later permitted to supplement the complaint with additional claimed arrearages, together with an additional $753.06 in attorney's fees again calculated at the 33% rate. No additional documentation appears to have accompanied either complaint in support of the attorney's fee request. The trial court, without discussion, entered judgment which included the full amount of attorney's fees requested by appellee.

We do not think this was satisfactory. It may be, in fact, that the percentage requested for attorney's fees is a "reasonable" measure of the work performed by the attorneys in pursuing the assessments owed by appellant. But we cannot reach that conclusion on this record; nor can we tell how the trial court made its determination in the apparent absence of supporting documentation. The statutory requirement that such fees be reasonable imposed upon the Condominium Association the duty to

---

1. Appellees concede that appellant is entitled to a credit against the judgment for payments he made beginning in January 1990, but which the bank mistakenly credited to the wrong account.

provide information supporting the fee request, and upon the trial court the duty to evaluate the request according to the "required method" in this jurisdiction. *See Stansel v. American Sec. Bank,* 547 A.2d 990, 994–95 (D.C.1988) (citations omitted), *cert. denied,* 490 U.S. 1021, 109 S.Ct. 1746, 104 L.Ed.2d 183 (1989); *see also Woodward & Lothrop v. Hillary,* 598 A.2d 1142 at 1150–51 (D.C.1991).

Accordingly, we shall remand the case for reconsideration of the portion of the judgment representing attorney's fees. In all other respects the judgment of the Superior Court is affirmed.

*So ordered.*